IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AG NAVIGATOR, LLC, FORELAND AG, LLC, FORELAND REAL ESTATE, LLC, FORELAND REAL ESTATE II, LLC, and FORELAND REAL ESTATE III, LLC,<br><br>            Plaintiffs,<br><br>    vs.<br><br>TOP GUN AG LLC, TIMOTHY C. BARKER, LANCE FULTON, RYAN RUSSELL, JOHN DOE 1-10, and JANE DOE 1-10,<br><br>            Defendants. | **8:20CV119**<br><br>**FINDINGS AND RECOMMENDATION AND ORDER** |

This matter is before the court on the motion to remand filed by Plaintiffs Ag Navigator, LLC, Foreland Ag, LLC, Foreland Real Estate, LLC, Foreland Real Estate II, LLC, and Foreland Real Estate III, LLC (collectively, "Plaintiffs").

For the following reasons, Plaintiffs' motion for remand, (Filing No. 34), should be granted.

STATEMENT OF FACTS

On November 20, 2019, Plaintiffs filed a complaint in the District Court of Phelps County, Nebraska alleging claims for breach of fiduciary duty and the duty of loyalty, unjust enrichment, fraudulent concealment, breach of oral and written contracts, conversion, and civil conspiracy against Top Gun AG, LLC, Timothy C. Barker, Lance Fulton, and Ryan Russell (collectively, "Defendants"). (Filing No. 1 at CM/ECF p. 6).

On March 27, 2020, Defendants removed. (Filing No. 1). In their notice of removal, Defendants claim that the federal district court "has original jurisdiction over this action under 28 U.S.C. [§] 1332(a), because this is a civil action between citizens of different States where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]" (Id. at CM/ECF p. 2).

After they removed, Defendants also moved to dismiss, claiming this court lacks personal jurisdiction over all defendants. (Filing Nos. 13, 15, 17 and 19). In response to Defendants' motions to dismiss, Plaintiffs moved to remand, claiming that this court lacks subject matter jurisdiction. (Filing No. 34).  Put differently, both parties argue that this court lacks jurisdiction, on different bases, on simultaneous motions.

The court stayed Plaintiffs' response deadlines to the motions to dismiss, (Filing No. 37), and will first resolve Plaintiffs' Motion to Remand and the challenge it raises to this court's subject matter jurisdiction.

In support of remand, Plaintiffs claim that the notice of removal was supported by insufficient proof and lacked an objectively reasonable basis. (Filing No. 34 at CM/ECF p. 1). Plaintiffs argue that Defendants' notice was defective, as it failed to allege the citizenship of each member of each party-LLC. Without that information, Plaintiffs argue, the court cannot determine from the notice whether there is complete diversity, and Defendants have therefore failed to carry their burden of proof. Moreover, Plaintiffs claim that even if Defendants were given the opportunity to amend their notice to include the members' citizenships, some plaintiffs and some defendants are citizens of Kansas (for the purposes of 28 U.S.C. § 1332), which destroys complete diversity of citizenship. (Id. at CM/ECF p. 3).

2

Upon review of the record, the undersigned magistrate judge finds that Defendants have failed to sufficiently establish federal subject matter jurisdiction and this case must be remanded to the District Court of Phelps County.

ANALYSIS

I.    Subject Matter Jurisdiction

Removal of civil actions from state court to federal court is authorized by 28 U.S.C. § 1441(a), which provides, in relevant part, that:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a); see also Mensah v. Owners Ins. Co., 951 F.3d 941, 943 (8th Cir. 2020) ("[a]n action may be removed to federal court only if the action could have been originally filed in federal district court") (internal citation omitted). The federal district courts have original jurisdiction over questions of federal law, pursuant to 28 U.S.C. § 1331, or where there is a complete diversity of parties, pursuant to 28 U.S.C. § 1332.

Defendant removed this action citing federal diversity jurisdiction under to 28 U.S.C. § 1332(a). (Filing No. 1 at CM/ECF p. 2). Diversity jurisdiction has two requirements: complete diversity of the parties, and an amount in controversy that "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Here, the parties disagree as to whether Defendants, as the removing parties, have sufficiently established the first prong - complete diversity of

3

citizenship.  Complete diversity "exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007) (citing 28 U.S.C. § 1332(a)).

Plaintiffs' complaint asserts that each plaintiff-entity is a limited liability company headquartered in, and organized under the laws of, Nebraska. (Filing No. 1 at CM/ECF pp. 6-7). Plaintiffs further pleaded that Defendant Top Gun Ag, LLC is a limited liability company headquartered in, and organized under the laws of, Kansas, and that Defendants Barker, Fulton, and Russell are "residents" of Kansas. (Id. at CM/ECF p. 7). Defendants have incorporated these assertions into their Notice of Removal without further elaboration. (Id. at CM/ECF pp. 2-3)**.**

But the "citizenship" of non-incorporated entities, such as limited liability companies, is not premised solely on where those companies were formed or headquartered. GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc., 357 F.3d 827, 828-29 (8th Cir. 2004) (citing Carden v. Arkoma Assocs., 494 U.S. 185, 186, 189, 195-96 (1990)); see also Buckley v. Control Data Corp., 923 F.2d 96, 97 (8th Cir. 1991).  An LLC is a citizen of every state in which any of its members are citizens. E3 Biofuels, LLC v. Biothane, LLC, 781 F.3d 972, 975 (8th Cir. 2015). Removal, then, is proper only if all plaintiffs –including the members of plaintiff LLCs – are from different states than all defendants –including all members of defendant LLCs.

That said, this case highlights a quandary faced by state court defendants sued by plaintiff LLCs: It is often difficult to determine whether the case can be removed to federal court based on diversity jurisdiction. Here, and in most complaints filed by LLCs, there are no allegations in the complaint related to the identity (much less the citizenship) of each plaintiff LLCs' members. This puts defendants in a tough spot. The membership of LLCs and other unincorporated

entities are often not publicly accessible. And the deadline to remove a case to federal court is typically 30 days after service – undoubtedly limiting the amount of investigation and discovery a defendant can do prior to filing a notice of removal. Thus, defendants are placed in the precarious position of having to include in their notices of removal allegations regarding the members of entities despite having little or no initial access to the entities' membership documents.

Recognizing that difficulty, some circuit courts have adopted a flexible standard for establishing diversity jurisdiction in cases involving unincorporated entities. Carolina Cas. Ins. Co. v. Team Equip., Inc., 741 F.3d 1082, 1087 (9th Cir. 2014) ("the plaintiff should be permitted to plead jurisdictional allegations…on information and belief and without affirmatively asserting specific details"); Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99 (3d Cir. 2015) ("[d]epriving a party of a federal forum simply because it cannot identify all of the members of an unincorporated association is not a rational screening mechanism"). Those courts recognize "the sensible principle" that at the outset of litigation involving unincorporated entities, "a party should not be required to plead jurisdiction affirmatively based on actual knowledge." Carolina Cas. Ins. Co. v. Team Equip., Inc., 741 F.3d at 1087. In those jurisdictions, the party seeking to establish federal jurisdiction may do so on the "information and belief" that there is complete diversity, with the court reserving the right to readdress jurisdiction, as appropriate thereafter. See, e.g., Medical Assurance Co., 610 F.3d at 376. But others circuits have taken a firmer hand. See, e.g., D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 127 (1st Cir. 2011) (requiring affirmative proof of citizenship of each LLC member). The parties have not cited, and the court has not found, any Eighth Circuit case analyzing this specific facet of the removal process and jurisdiction.

But regardless of whether this court were to adopt the more lenient approach of the Ninth and Third Circuits, or the more exacting standard of First Circuit, the result here would be the same. Defendants have not even attempted – either on information and belief or through specific proof – to address the citizenship of members of the party LLCs.   The sole discussion of party-citizenship in Defendants' Notice of Removal is as follows:

> 6.    Complete diversity exists between the parties.
>
> 7.    Plaintiff, Ag Navigator, LLC, is a Nebraska limited liability company with its principal place of business located in Bertrand, Phelps County, Nebraska. <u>See</u> Complaint at ¶ 1.
>
> 8.    Plaintiff, Foreland Ag, LLC, is a Nebraska limited liability company with its principal place of business located in Bertrand, Phelps County, Nebraska. <u>See</u> Complaint at ¶ 2.
>
> 9.    Plaintiff, Foreland Real Estate, LLC, is a Nebraska limited liability company with its principal place of business located in Bertrand, Phelps County, Nebraska. <u>See</u> Complaint at ¶ 3.
>
> 10.    Plaintiff, Foreland Real Estate II, LLC, is a Nebraska limited liability company with its principal place of business located in Bertrand, Phelps County, Nebraska. <u>See</u> Complaint at ¶ 4.
>
> 11.    Plaintiff, Foreland Real Estate III, LLC, is a Nebraska limited liability company with its principal place of business located in Bertrand, Phelps County, Nebraska. <u>See</u> Complaint at ¶ 5.
>
> 12.    Defendant, Top Gun Ag LLC, is a Kansas limited liability company organized and existing under the laws of the State of Kansas, with its principal place of business located in Pratt, Kansas. <u>See</u> Complaint at ¶ 6.
>
> 13.    Defendant, Timothy E. Barker, is a resident of Pratt, Kansas. <u>See</u> Complaint at ¶ 7.
>
> 14.    Defendant, Lance Fulton, is a resident or Garden City, Kansas. <u>See</u> Complaint at ¶ 8.

15. Defendant, Ryan Russell, is a resident of Haviland, Kansas. See Complaint at ¶ 9.

([Filing No. 1 at CM/ECF pp. 2-3](#)). Defendants' notice does not indicate that they performed any due diligence regarding member-citizenship.[1] In their brief in opposition to remand, Defendants claim that they did not have access to important documents that would reveal the membership of the plaintiff-entities. ([Filing No. 40 at CM/ECF p. 9](#)).  As noted above, the court is sympathetic to that plight. But Defendants did not alert the court to those issues in their notice. Or plead that they believed that the evidence would bear out that all members were citizens of different states. In fact, Defendants' notice does not indicate that they understood that LLC membership would have any effect on the jurisdictional question. This is highlighted by the fact that they did not include in their notice the membership of the <u>defendant</u> LLC – Top Gun Ag, LLC – whose membership they clearly knew. The notice is insufficient, and remand is proper.

Moreover, even if the court were willing to overlook the lack of specific discussion of the LLC member-citizenship in the notice, the court finds remand is necessary on substantive grounds. In support of remand, Plaintiffs claim that Defendants Russell and Fulton are members of Plaintiff Foreland Ag, LLC. ([Filing No. 35 at CM/ECF pp. 3-4](#)). Defendants do not explicitly refute this. Indeed, Defendants themselves presented evidence that Fulton and Russell were, at least at one point, member of Foreland Ag. ([Filing No. 40-3 at CM/ECF p. 2](#)); ([Filing No. 40-4 at CM/ECF p. 2](#)).[2] They argue, however, that they have not been given the

---

[1] The court notes that, having reviewed the evidence submitted in support of and opposition to this remand motion, it is clear that Defendants did do some informal inquiry into the citizenship of some of the members of the plaintiff entities. ([Filing No. 45-2](#)). However, they still did not address the LLC member citizenship question in any way in their notice of removal.

[2] Plaintiffs argue, in reply, that the court should disregard certain evidence submitted by Defendants, for failure to follow the filing guidelines laid out in the local rules. Given the court's recommendations herein, Plaintiffs are not actually harmed by Defendants' purported failure to comply with NECivR 7.1. The court will not evaluate the merits of that argument or formally strike any of the evidence.

opportunity to review documents that would establish whether Fulton and Russell are <u>current</u> members of a Foreland Ag. (Filing No. 45-2 at CM/ECF p. 2) (requesting "documentary confirmation that [Fulton] and [Russell] were members at the time suit was filed").

But the court need not address Fulton and Russell's membership in Foreland Ag to find jurisdiction is lacking. Foreland Ag's Disclosure of Corporate Affiliations indicates that two of its members are revocable trusts and that the trustees of both are citizens of Kansas. (Filing No. 29 at CM/ECF p. 2) (listing as members of Foreland Ag the "Jeffrey H. Deeds Revocable Trust dated April 17, 1987, trustees Jeffrey and Jill Deeds, individuals domiciled in the State of Kansas" and  the "Jill M. Deeds Revocable Trust dated June 8, 1990, trustees Jeffrey and Jill Deeds, individuals domiciled in the State of Kansas"); (<u>see</u> <u>also</u> Filing No. 41 at CM/ECF p. 9) (noting that the trustees of the two Foreland member-trusts are Kansas citizens and their identities were known to Defendants prior to removal). Thus, regardless of whether Fulton and Russell are current members of Foreland Ag, there is no complete diversity here: There are Kansas citizens on both sides of the dispute.

As the removing party, Defendants had the burden to prove jurisdiction, by a preponderance of the evidence. Branson Label, Inc. v. City of Branson, Mo, 793 F.3d 910, 917 (8th Cir. 2015); <u>see</u> <u>also</u> Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A., 551 F.3d 812, 816 (8th Cir. 2009) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L.Ed.2d 391 (1994)). They did not do so. Based on the briefing, and the corporate disclosure statements filed by the plaintiff-entities, complete diversity is lacking.

In sum, the court finds that Defendants' notice of removal was insufficient. It did not include reference to the citizenship of any of the unincorporated entities

involved in this dispute. And even if the court afforded Defendants an opportunity to amend their notice, the amendment would be futile. Based on the filings of record, complete diversity of citizenship between all plaintiffs and all defendants does not exist. This case should be remanded.

II.    Attorney's Fees

Plaintiffs' Brief in Support of Motion to Remand requests attorney's fees under 28 U.S.C. §1447(c). (Filing No. 35 at CM/ECF pp. 8-9). "Absent unusual circumstances, courts may award attorney's fees under 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Convent Corp. v. City of N. Little Rock, 784 F.3d 479, 483 (8th Cir. 2015) (internal citation omitted). To determine whether Defendants' notice was objectively reasonable, the court considers "the objective merits of removal at the time of removal." Id. Defendants did not act with objective reasonableness if, at the time of removal, they knew or should have known facts that would act to legally bar diversity jurisdiction.

Setting aside the parties' dispute over whether Defendants Fulton and Russell were members of Foreland Ag at the time this suit was filed, Defendants appear to have been aware of the other Kansas citizens who were members of Plaintiff Foreland Ag—the trustees of the Jeffrey H. Deeds Revocable Trust dated April 17, 1987 and  the Jill M. Deeds Revocable Trust dated June 8, 1990.  (See, e.g., Filing No. 45-3 at CM/ECF pp. 3-4) (outlining and citing to various evidence). Defendants Fulton and Russell would have been aware of the trusts (and their trustees) who were members of Foreland Ag when they obtained and reviewed their K-1 tax forms in the years that they were indisputably members of Foreland Ag. (Filing No. 45-2 at CM/ECF p. 4 ¶ 16). At the very least, Defendants were aware that Plaintiffs were alleging that Foreland Ag had Kansas members (other

9

than Fulton and Russell) when Foreland Ag filed its corporate disclosures in this lawsuit. ([Filing No. 29](#)). Yet, Defendants did not address this point. If there was some reasonable basis on which Defendants would <u>not</u> have known about the Kansas citizen trustees, they had amble opportunity and a responsibility to tell the court: The corporate disclosures were filed of record for 28 days prior to Defendants' brief in response to Plaintiffs' remand motion.

Defendants' removal was not objectively reasonable.

IT IS THEREFORE RECOMMENDED to the Honorable Robert F. Rossiter, Jr., United States District Judge, pursuant to 28 U.S.C. § 636(b), that the motion to remand filed by Plaintiffs ([Filing No. 34](#)) be granted.

Defendants are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS FURTHER ORDERED that:

1) The portion of Plaintiffs' motion ([Filing No. 34](#)) that requests attorney's fees and costs pursuant to 28 U.S.C. § 1447(c) is granted.

2) Plaintiffs are entitled reimbursement for their attorney's fees and expenses incurred in preparing their Motion for Remand.

3) On or before July 17, 2020, Plaintiffs shall provide to Defendants' counsel an itemized billing statement of their fees and expenses associated with the Motion for Remand.

4) Defense counsel shall advise Plaintiffs' counsel of Defendants' response to this itemization within ten days after receipt.

5) If the parties agree as to the amount to be awarded, on or before August 3, 2020, they shall file a joint stipulation for entry of an order awarding costs and fees to Plaintiffs.

6)    If the parties do not agree on the attorney fees and costs to be awarded, or if Defendants do not timely respond to the Plaintiffs' itemization and demand, Plaintiff shall file a motion for assessment of attorney fees and costs by no later than August 10, 2020. This motion shall be submitted in accordance with the court's fee application guidelines outlined in Nebraska Civil Rules 54.3 and 54.4, but a supporting brief is not required.

7)    If a motion for fees is required, the court may award Plaintiffs up to an additional $1000.00 to recover the cost of preparing their motion for assessment of fees.

Dated this 17th day of June, 2020.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

11