IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AG NAVIGATOR, LLC; FORELAND AG, LLC; FORELAND REAL ESTATE, LLC; FORELAND REAL ESTATE II, LLC; and FORELAND REAL ESTATE III, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>TOP GUN AG LLC; TIMOTHY C. BARKER; LANCE FULTON; RYAN RUSSELL; JOHN DOE 1-10; and JANE DOE 1-10,<br><br>Defendants. | 8:20CV119<br><br>MEMORANDUM AND ORDER |

Pending before the Court is the Findings and Recommendation (Filing No. 47) of the magistrate judge[1] recommending, *see* 28 U.S.C. § 636(b)(1), the Court grant a Motion for Remand and Award of Attorneys Fees (Filing No. 34) filed by plaintiffs Ag Navigator, LLC; Foreland Ag, LLC; Foreland Real Estate, LLC; Foreland Real Estate II, LLC; and Foreland Real Estate III, LLC (collectively, "plaintiffs"). Also before the Court is a Suggestion of Bankruptcy (Filing No. 48) filed by defendant Top Gun Ag LLC ("Top Gun") indicating it has filed a voluntary petition for bankruptcy in the United States Bankruptcy Court for the District of Kansas. For the reasons stated below, the Findings and Recommendation is accepted in part and rejected in part and the plaintiffs' motion is granted in part and denied in part.[2]

---

[1]The Honorable Cheryl R. Zwart, United States Magistrate Judge for the District of Nebraska.

[2]No one has objected to the Findings and Recommendation. Although § 636(b)(1) only requires review by this Court where a party objects, *see Leonard v. Dorsey & Whitney,*

## I. BACKGROUND

On November 20, 2019, the plaintiffs sued defendants Top Gun, Timothy C. Barker, Lance Fulton ("Fulton"), Ryan Russell ("Russell"), John Doe 1-10, and Jane Doe 1-10 (collectively, "defendants") in the District Court of Phelps County, Nebraska ("state court"). The plaintiffs assert claims for breach of fiduciary duty and the duty of loyalty, failure of accounting, breach of contract (written and oral), fraudulent concealment, conversion, civil conspiracy, and unjust enrichment. The defendants timely removed (Filing No. 1), *see* 28 U.S.C. §§ 1441(b) and 1446, this case to this Court alleging diversity jurisdiction, *see id.* § 1332(a).

On April 3, 2020, the defendants each moved to dismiss this case (Filing Nos. 13, 15, 17, and 19), asserting the Court lacks personal jurisdiction over them. The plaintiffs then moved to remand this case back to state court for lack of subject-matter jurisdiction. The magistrate judge stayed the defendants' motions to dismiss to resolve the plaintiffs' challenge to subject-matter jurisdiction.

On June 18, 2020, the magistrate judge recommended this Court remand this case to the state court for lack of subject-matter jurisdiction and award the plaintiffs costs and attorney fees. That same day, Top Gun filed its Suggestion of Bankruptcy.

## II. DISCUSSION

### A. Suggestion of Bankruptcy

Despite Top Gun's Suggestion of Bankruptcy, the Court retains "jurisdiction to decide whether [a] proceeding is subject to a stay." *Dominic's Rest. of Dayton, Inc. v. Mantia*, 683 F.3d 757, 760 (8th Cir. 2012); *see also* 11 U.S.C. § 362(a)(1).[3] And the Court

---

*LLP*, 553 F.3d 609, 619-20 (8th Cir. 2009), the Court has nonetheless conducted a de novo review here.

[3]This case is automatically stayed as to Top Gun—but not the other defendants. *See In re Panther Mountain Land Dev., LLC*, 686 F.3d 916, 921 (8th Cir. 2012) (recognizing that, absent unusual circumstances, the automatic stay does not apply to nonbankrupt codefendants).

2

finds it may resolve the challenge to its subject-matter jurisdiction because that issue does not implicate the underlying issues or merits of this case. *See O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1110 (9th Cir. 2006); *see also Evans v. Anderson*, No. C 09-5227 MHP, 2010 WL 118398, at *1 (N.D. Cal. Jan. 7, 2010) ("[W]here the district court lacks jurisdiction over the action filed before it the court is not without power to remand the action and the stay does not deprive it of that power.").

**B.     Subject-Matter Jurisdiction**

The defendants may only remove the case to this Court "if the action originally could have been filed []here." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010). The defendants "bear[] the burden of establishing that [this Court] ha[s] original jurisdiction by a preponderance of the evidence." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011).

"After removal, a plaintiff may move to remand the case to state court, and the case should be remanded if it appears that the district court lacks subject matter jurisdiction." *Prempro Prods.*, 591 F.3d at 620; *see also* 28 U.S.C. § 1447(c). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id.* (quoting *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010)).

Here, the defendants allege diversity jurisdiction, which requires complete diversity and an amount in controversy in excess of $75,000. *See* 28 U.S.C. § 1332(a). The plaintiffs claim the parties are not diverse.

"Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Id.* (quoting *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007)); *see also Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) ("For a party to remove a case to federal court based on diversity jurisdiction, the parties must be diverse both when the plaintiff initiates the action

in state court and when the defendant files the notice of removal in federal court." (quoting *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013))). A limited liability company's ("LLC") "citizenship is that of its members for diversity jurisdiction." *GMAC Comm'l Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2015).

First, the Court agrees with the magistrate judge that the defendants' diversity allegations in their Notice of Removal fall short. The magistrate judge thoroughly set forth the defendants' allegations regarding citizenship. Pertinent here, for all the parties that are LLCs (plaintiffs and defendants alike), the defendants only alleged each LLC's principal place of business. The defendants did not allege the citizenship of LLC members as required for diversity jurisdiction. *See GMAC Comm'l Credit*, 357 F.3d at 829.

The magistrate judge rightly acknowledged the challenges litigants face in identifying the citizenship of an LLC's members before the deadline for filing a notice of removal. *See* 28 U.S.C. § 1446 (requiring a notice of removal within 30 days of service); *see also Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014) (recognizing that challenge and allowing parties to plead jurisdictional requirements on information and belief). But here, as the magistrate judge pointed out, the defendants' Notice of Removal does not show they (1) "performed any due diligence regarding member-citizenship" for any of the LLCs or (2) even "understood that LLC membership would have any effect on the jurisdictional question."

Second, the Court agrees with the magistrate judge that—even putting the first issue aside—remand is required on substantive, jurisdictional grounds based on her finding that there are "Kansas citizens on both sides of the dispute." *See Prempro Prods.*, 591 F.3d at 620. As the magistrate judge noted, the defendants "do not explicitly refute" that Russell and Fulton were members of Foreland Ag, LLC at one time, which (if they are current members) alone would bar diversity jurisdiction. *See, e.g., Buckley v. Control Data Corp.*,

4

923 F.2d 96, 98 (8th Cir. 1991) (explaining diversity jurisdiction can never exist between a nonincorporated entity and its members).

And the Court further agrees with the magistrate judge that "regardless of whether Fulton and Russell are current members of Foreland Ag[, LLC], there is no complete diversity here [because] [t]here are Kansas citizens on both sides of the dispute." Namely, the defendants contend Kansas is Fulton and Russell's domicile.[4] And, as aptly noted by the magistrate judge, Foreland Ag, LLC's Disclosure of Corporate Affiliations "indicates that two of its members are revocable trusts and that the trustees of both are [also] citizens of Kansas." Accordingly, not only was the defendants' Notice of Removal insufficient but any amendment of that notice would be futile based on the magistrate judge's well-founded conclusion that complete diversity does not exist.

### C. Attorney Fees

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The plaintiffs have requested attorney fees in this case, alleging the defendants lacked an objectively reasonable basis for seeking removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005) ("[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal."). Although the Court largely shares the magistrate judge's frustrations with the defendants in this case, the Court finds the deficiencies in this case were not so unreasonable as to justify attorney fees and costs. Accordingly,

IT IS ORDERED:

---

[4]In their Notice of Removal, the defendants alleged only Fulton and Russell's residency—not their citizenship. *See Reece*, 760 F.3d at 777 ("When it comes to diversity jurisdiction, the words 'resident' and 'citizen' are not interchangeable."). But the defendants point out in their brief resisting this motion that Fulton and Russell have since filed affidavits attesting Kansas is their domicile.

5

1. The magistrate judge's Findings and Recommendation (Filing No. 47) is accepted in part and rejected in part as discussed.
2. The plaintiffs' Motion for Remand and Award of Attorneys Fees (Filing No. 34) is granted in part and denied in part.
    a. The plaintiffs' motion for remand is granted.
    b. The plaintiffs' motion for attorney fees and costs is denied.
3. This case is hereby remanded to the District Court of Phelps County.
4. All pending motions in this Court are denied without prejudice to reassertion in state court.
5. The Clerk of Court is directed to send a certified copy of this Memorandum and Order to the Clerk of the District Court of Phelps County, and take all other steps necessary to effectuate this Memorandum and Order.

Dated this 3rd day of August 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge